**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

FILED

MAY - 2 2014

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| KETTLER INTERNATIONAL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:14CV189 |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| STARBUCKS CORPORATION, | ) | |
| | ) | |
| SERVE:   Corporation Service Company, | ) | |
| Registered Agent | ) | |
| Bank of America Center, 16th Floor | ) | |
| 1111 East Main Street | ) | |
| Richmond, Virginia 23219 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, KETTLER International, Inc. ("KETTLER"), by counsel, submits the following Complaint for Declaratory Judgment against Starbucks Corporation ("Starbucks") seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. For its complaint, KETTLER states as follows:

### NATURE OF ACTION

1.      In approximately 2009, KETTLER began selling chairs from its "Carlo" line of chairs ("Carlo Chairs") to Starbucks, its agents, and/or its contractors for Starbucks' use. Carlo Chairs are well constructed, dependable, and well suited for multiple uses.

2.      On April 8, 2014, Starbucks sent to KETTLER a document entitled "Notice of Breach of Warranty (Commercial Code Section 2607)," in which Starbucks vaguely asserted that KETTLER breached warranties and made misrepresentations pertaining to the Carlo Chairs. In this document, Starbucks threatened litigation against KETTLER, including a threat of over

$1,000,000 in damages. Starbucks also purported to rescind its purchase of all Carlo Chairs, without specific reference to the Carlo Chairs that were allegedly defective

3.      KETTLER denies Starbucks' claims and seeks to vindicate its rights. Accordingly, KETTLER seeks a declaratory judgment that it has not breached any warranties it allegedly owed to Starbucks with respect to the Carlo Chairs and that the sale of the Carlo Chairs to Starbucks is final, valid and was not based on any alleged misrepresentations.

**PARTIES**

4.      Throughout the world, "KETTLER" is a leading brand of leisure furniture, fitness equipment, table tennis tables, bicycles, and children's outdoor toys. Products distributed under the KETTLER name are designed to contribute to the well-being and fitness of KETTLER's customers. KETTLER's products are well-regarded the world over.

5.      KETTLER is a corporation validly formed and existing under the laws of the Commonwealth of Virginia with its principal place of business in Virginia Beach, VA.

6.      Starbucks is a for profit corporation valid and existing under the laws of the State of Washington with its principal place of business in Seattle, Washington. Starbucks specializes in the sale of coffee and coffee-related products in approximately 19,000 retail stores in over 60 countries.

**JURISDICTION AND VENUE**

7.      This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), for the purpose of determining a question of actual controversy between the parties.

8.      This matter is ripe for adjudication because there is an actual and justiciable controversy between the parties, as discussed below.

2

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. For example, as discussed more fully below, Starbucks has threatened litigation against KETTLER with the potential, according to Starbucks, for over $1,000,000 in damages.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Eastern District of Virginia.

11. Starbucks is subject to personal jurisdiction in Virginia because it has sufficient minimum contacts with Virginia, and it has purposefully availed itself of the privilege of conducting activities in Virginia, in connection with the Carlo Chairs at issue in this Complaint. Starbucks affirmatively directed its activities toward Virginia when it reached out to a Virginia based representative of a Virginia corporation to negotiate the purchase of Carlo Chairs, which were to be shipped from a warehouse in Virginia Beach, Virginia.

12. Starbucks is also subject to personal jurisdiction in Virginia because it has continuous and systematic contacts with Virginia. Starbucks has a substantial physical presence in Virginia, with approximately 375 stores throughout the Commonwealth of Virginia. According to Starbucks' records, Starbucks also operated approximately 375 stores in Virginia in 2008 as well. Thus, Starbucks' physical presence in Virginia has been continuous and sustained. Upon information and belief, each store employs numerous employees, resulting in thousands of Starbucks' employees in Virginia. Starbucks has maintained a registered agent in Virginia since 1992. In addition, Starbucks generates a substantial amount of revenue in Virginia. Upon information and belief, Starbucks derives hundreds of millions of dollars in net revenue from its

retail store locations in Virginia. Further, upon information and belief, Starbucks sells a substantial amount of goods to Virginia consumers from its Virginia retail locations.

## FACTS

13.     In approximately 2009, Starbucks, its agents, and/or its contractors began ordering Carlo Chairs from KETTLER for Starbucks' use at various retail locations. Prior to 2009, Starbucks, its agents, and/or its contractors ordered an unknown amount of Carlo Chairs from KETTLER's independent retailers.

14.     Carlo Chairs are manufactured to extremely high levels of quality. Carlo Chairs feature a fully-welded frame construction for stability and a contoured seat and back for a comfortable sitting experience. Carlo Chairs are also coated using a proprietary coating process that allows them to resist scratching, chipping, and fading.

15.     KETTLER began delivery of Carlo Chairs to Starbucks in 2009 and continued delivery of Carlo Chairs to Starbucks until 2013. Upon information and belief, an unknown number of Carlo Chairs were purchased by Starbucks, its agents, and/or its contractors from KETTLER's independent retailers prior to and possibly during this time.

16.     Upon each delivery of Carlo Chairs to Starbucks, Starbucks accepted the Carlo Chairs.

17.     Upon information and belief, Starbucks utilized the Carlo Chairs at its retail locations and was pleased with the high levels of quality and craftsmanship of the Carlo Chairs.

**A.     Starbucks' Notice and Threatened Litigation**

18.     On April 8, 2014, over four years after Starbucks first began purchasing Carlo Chairs from KETTLER, Starbucks sent to KETTLER a document entitled "Notice of Breach of Warranty (Commercial Code Section 2607)" (the "Notice") (attached as **Exhibit A**).

4

19.     In the Notice, Starbucks alleges that it has purchased approximately 7,500 Carlo Chairs from KETTLER and that, in relation to these purchases, KETTLER represented that the Carlo Chairs were free from defects and could safely be used by Starbucks for outdoor seating.

20.     Starbucks claims that it has "experienced failures in some of these chairs." Starbucks contends that these alleged failures are supported by a "third party testing laboratory."

21.     Due to these alleged failures, which KETTLER disputes, Starbucks states in its Notice that it has "taken steps to remove and replace the Carlo chairs from its stores" and, accordingly, the "chairs are being collected and recycled." Starbucks claims that it will retain a "discrete sampling" of the Carlo Chairs collected for KETTLER's inspection.

22.     Thus, in the Notice, Starbucks claims that KETTLER has provided Starbucks with defective products, yet Starbucks seeks to choose which Carlo Chairs KETTLER can inspect, while destroying the Carlo Chairs Starbucks chooses to destroy.

23.     In connection with Starbucks' removal and recycling process, it claims that it has incurred "more than One Million Dollars ($1,000,000) in this undertaking."

24.     Starbucks has threatened litigation against KETTLER with respect to the Carlo Chairs. According to the Notice, Starbucks' counsel has been "instructed to initiate legal proceedings against KETTLER to compel KETTLER to make good on the warranties and misrepresentation" related to the sale of the Carlo Chairs.

25.     As part of these anticipated legal proceedings, Starbucks has threatened to "pursue its remedies arising from the purchase of all Carlo chairs, plus consequential and incidental damages related to the removal, storage and recycling of said Carlo chairs." *Ex. A.*

26.     Starbucks has also put KETTLER on notice that Starbucks is "rescinding the sale" of Carlo Chairs to Starbucks.

**B.**     **KETTLER's Response to the Threatened Litigation**

27.     By letter dated April 10, 2014, KETTLER responded to Starbucks' Notice by demanding Starbucks preserve all Carlo Chairs that it claims are subject to the warranty claim Starbucks has asserted. (Attached as **Exhibit B**).

28.     KETTLER also requested Starbucks provide KETTLER with:

a.   All tests, test results, and testing protocols related to the laboratory testing Starbucks allegedly conducted;

b.   All incident reports related to the alleged failure of Carlo Chairs;

c.   All information relevant to Starbucks' assertion that Carlo Chairs are defective or in violation of a warranty;

d.   An explanation of Starbucks' breach of contract and breach of warranty allegations; and

e.   An exact count of how many Carlo Chairs Starbucks is alleging were defective when they were purchased.

29.     Starbucks did not respond to KETTLER's request for more information.

30.     By correspondence dated April 21, 2014, KETTLER sent Starbucks another letter demanding Starbucks preserve the Carlo Chairs it alleges are defective and requesting proof that the Carlo Chairs that Starbucks was including in the "discrete sampling" were covered by any warranty. (Attached as **Exhibit C**).

31.     Starbucks did not respond to KETTLER's request with the requested information.

32.     By letter dated April 22, 2014, KETTLER once again informed Starbucks that it required information from Starbucks on the Carlo Chairs that Starbucks alleges are defective. It also, once again, requested proof of which chairs are alleged to be defective, proof of how those chairs are alleged to be defective, and proof of how those allegedly defective chairs create the

basis for the viable breach of warranty claim that Starbucks has threatened. (Attached as **Exhibit D**).

33. KETTLER is unaware of any warranty that would be in effect for the majority, if not all, of the Carlo Chairs that Starbucks purchased from KETTLER. Nor is KETTLER aware of the specific manner by which any Carlo Chairs are alleged to have failed. KETTLER manufactures high quality and reliable products which are not prone to failure or defect.

34. KETTLER is also unaware of any contractual term that KETTLER is alleged to have breached for the majority, if not all, of the Carlo Chairs that Starbucks purchased form KETTLER.

35. KETTLER is also unaware of the basis under which Starbucks may rescind the sale of the Carlo Chairs, which that took place over the past four plus years.

36. Despite KETTLER's efforts, Starbucks has not provided KETTLER with the information it has requested.

37. Starbucks has not provided KETTLER with sufficient information to analyze Starbucks' legal threats and pronouncement of rescission, including: the legal basis for its warranty claim; the legal basis for Starbucks' rescission; proof that any Carlo Chairs were defective; the basis for Starbucks' contention that Carlo Chairs were required to meet standards which they allegedly did not meet; or proof of when Starbucks purchased the specific Carlo Chairs it claims are defective.

C. **There Exists an Actual Controversy Between the Parties of Sufficient Immediacy and Reality to Warrant Issuance of a Declaratory Judgment**

38. As a result of Starbucks' conduct, the parties are engaged in an actual, substantial, justiciable, controversy in which the parties have adverse legal interests of sufficient immediacy to warrant a declaratory judgment action.

39.    KETTLER has suffered, and will continue to suffer, injury, based on Starbucks' conduct.

a. Starbucks has elected to rescind its purchase of thousands of Carlo Chairs, which KETTLER does not believe Starbucks has a right to rescind. Yet, Starbucks has not provided any proof whatsoever of its alleged rescission right. This places KETTLER in the position of deciding whether to refund the purchase price of Carlo Chairs, which it believes it has no obligation to do, or face the potential for additional damages if it decides not to effectuate rescission and the rescission claim is ultimately determined to have merit (which KETTLER denies);

b. Starbucks has threatened KETTLER with litigation over a breach of warranty claim. KETTLER, as an upstanding corporate citizen, honors its valid warranty claims. Starbucks, however, has repeatedly failed to provide KETTLER with any proof to substantiate this claim. This places KETTLER in a state of legal limbo under which it is held hostage by threatened litigation, but it cannot resolve the threatened litigation due to Starbucks' delay in substantiating its claim;

c. Starbucks has stated to KETTLER that it has already incurred over $1,000,000 in removing and replacing Carlo Chairs, which it has threatened to seek from KETTLER in its threatened legal proceedings. Starbucks has implied that it will continue to incur these alleged costs as it continues its removal, replacement, collection, recycling, and storage efforts, which it will continue to seek from KETTLER. Thus, the longer

8

Starbucks prolongs this threatened litigation posture, the more significant KETTLER's potential (and highly disputed) exposure becomes.

d. Starbucks has threatened to destroy the Carlo Chairs that it claims are defective. This creates an immediate risk, in the absence of the present lawsuit, that KETTLER will not be able to adequately defend itself against Starbucks' claims of rescission and breach of warranty because the evidence that the Carlo Chairs are *not* defective has been destroyed.

**COUNT I**
**DECLARATORY JUDGMENT THAT KETTLER HAS NOT BREACHED ANY WARRANTY**

40. KETTLER incorporates by reference each of the above allegations.

41. Starbucks has contended in the controversy between the parties that that the Carlo Chairs that KETTLER provided to Starbucks, its agents, and/or its contractors are defective and cannot be used for outdoor seating. More specifically, Starbucks claims that the Carlo Chairs fail to meet the Business and Institutional Furniture Manufacturer's Association ("BIFMA") standards with respect to leg strength.

42. The Carlo Chairs that KETTLER provided to Starbucks, its agents, and/or its contractors are not defective and are fit for outdoor seating.

43. Notwithstanding the superior quality of the Carlo Chairs and their lack of defects, Starbucks has failed to provide proof of any warranty that is applicable to all of the Carlo Chairs that Starbucks purchased or any proof that KETTLER breached any warranty that Starbucks may claim is applicable.

44. Moreover, to the extent Starbucks is capable of showing that any Carlo Chairs are defective and would fall under any warranty provision, Starbucks has failed to provide proof that

9

the warranty provision(s) have not expired due to the passage of time since Starbucks purchased the Carlo Chair(s) at issue.

45.     Starbucks has also failed to show the Carlo Chair(s) at issue do *not* include chairs purchased from a retailer such as the Carlo Chair at issue in the *Jee* case, an active litigation involving Starbucks.

46.     Yet, Starbucks continues to threaten litigation against KETTLER, threaten KETTLER with over $1,000,000 in damages, and threaten to destroy potential evidence.

47.     WHEREFORE, KETTLER is entitled to a declaration that:

    a.  The Carlo Chairs that KETTLER has provided to Starbucks, its agents, and/or its contractors do not breach any warranty between KETTLER and Starbucks and that KETTLER has no liability whatsoever to Starbucks with respect to the Carlo Chairs; and

    b.  In the event any Carlo Chair(s) that KETTLER provided to Starbucks would fall within any applicable warranty provisions, the warranty provision(s) have expired due to the passage of time since the date Starbucks purchased the Carlo Chair(s) at issue.

## COUNT II
### DECLARATORY JUDGMENT THAT KETTLER HAS NOT BREACHED ANY CONTRACTUAL TERM

48.     KETTLER incorporates by reference each of the above allegations.

49.     Starbucks has contended in the controversy between the parties that that the Carlo Chairs that KETTLER provided to Starbucks, its agents, and/or its contractors are defective and cannot be used for outdoor seating.  More specifically, Starbucks claims that the Carlo Chairs fail to meet the BIFMA standards with respect to leg strength.

50.     The Carlo Chairs that KETTLER provided to Starbucks, its agents, and/or its contractors are not defective and are fit for outdoor seating.

51.     Notwithstanding the superior quality of the Carlo Chairs and their lack of defects, Starbucks has failed to provide proof of any contractual term that is applicable to all of the Carlo Chairs that Starbucks purchased or any proof that KETTLER breached any contractual term that Starbucks may claim is applicable.

52.     WHEREFORE, KETTLER is entitled to a declaration that the Carlo Chairs that KETTLER has provided to Starbucks, its agents, and/or its contractors do not breach any contractual term between KETTLER and Starbucks and that KETTLER has no liability whatsoever to Starbucks with respect to the Carlo Chairs.

## COUNT III
### DECLARATORY JUDGMENT THAT STARBUCKS IS NOT ENTITLED TO RESCISSION

53.     KETTLER incorporates by reference each of the above allegations.

54.     Starbucks has stated in the controversy between the parties that it has elected to rescind the sale of the Carlo Chairs between KETTLER and Starbucks.

55.     Starbucks has not stated the basis for this alleged rescission right.

56.     Nor has Starbucks stated which shipment of Carlo Chairs over the past four plus years it has elected to rescind.

57.     Thus, KETTLER remains in a state of limbo, forced to choose between a refund for Carlo Chairs that it believes are *not* defective or face the possibility of additional damages to Starbucks in the future.

58.     To KETTLER's knowledge, KETTLER has not delivered defective Carlo Chairs to Starbucks at any point in the four plus years it has been providing Carlo Chairs to Starbucks.

11

59.     Starbucks has accepted each delivery of Carlo Chairs that KETTLER has provided to Starbucks, its agents, and/or its contractors.

60.     Starbucks has not rejected any Carlo Chairs that KETTLER has provided to Starbucks, its agents, and/or its contractors within a reasonable time after the delivery of those Carlo Chairs.

61.     Even if Starbucks had made a rejection of Carlo Chairs within a reasonable time after delivery of those chairs, to KETTLER's knowledge Starbucks has no valid basis for such a rejection.

62.     WHEREFORE, KETTLER is entitled to a declaration that Starbucks is not entitled to rescind any of its previous purchases of Carlo Chairs.

Dated: May 2, 2014                              Respectfully submitted,

                                                KETTLER INTERNATIONAL, INC.

                                                By: _____
                                                        Of Counsel

John C. Lynch (VSB No. 39267)
David M. Gettings (VSB No. 80394)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7747
Facsimile: (757) 687-1545
E-mail: john.lynch@troutmansanders.com
E-mail: david.gettings@troutmansanders.com