**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| **KETTLER INTERNATIONAL, INC.**     )<br>                                                                )<br>           **Plaintiff,**                               )<br>                                                                )   **Civil Action No.: 2:14cv189**<br>     v.                                                       )<br>                                                                )<br>**STARBUCKS CORPORATION,**           )<br>                                                                )<br>           **Defendant.**                             )<br>_____) | |

<u>**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO TRANSFER VENUE**</u>

Plaintiff, KETTLER International, Inc. ("KETTLER"), by counsel, submits the following Memorandum of Law in Opposition to Starbucks Corporation's ("Starbucks") Motion to Transfer Venue (ECF 7) pursuant to 28 U.S.C. § 1404.

### INTRODUCTION

Between 2009 and 2013, KETTLER delivered chairs from its Carlo line of chairs to Starbucks, its agents, and/or its contractors, for use at Starbucks retail locations. During that time, KETTLER delivered thousands of chairs in numerous installments, without rejection. In 2014, after years of acceptance and use of the chairs, Starbucks sent a correspondence to KETTLER threatening litigation over the chairs. This letter included allegations of breach of warranty and contract, and a threat of over $1,000,000 in damages. In response, KETTLER repeatedly requested an explanation and proof of Starbucks' claims, but Starbucks has failed to ever provide this information. KETTLER brings the present action to remove the cloud of threatened litigation, resolve Starbucks' meritless claims, and vindicate its rights.

Starbucks has moved to transfer this action to the Western District of Washington and deny KETTLER its choice of venue. In its Motion to Transfer Venue (ECF 7), Starbucks claims that a venue change is proper under a forum selection clause. Starbucks is incorrect.

The Court should deny the motion because the forum selection clause does not apply to the present case. This declaratory judgment action is not a "legal proceeding relating to the Agreement," as is required by the clause. Starbucks has failed to demonstrate in any manner that the current action is within the scope of the forum selection clause. Not only has Starbucks failed to introduce proof in support of its arguments, but Starbucks' communications and conduct pre-litigation belie Starbucks' contention that the forum selection clause applies. For example, Starbucks has repeatedly invoked state law and a warranty period in its threats to KETTLER that are entirely inconsistent with the forum selection clause's applicability. In addition, even had Starbucks introduced proof that some of the warranty and contract claims at issue were within the forum selection clause, which it has not, it has failed to introduce proof that *all* of the claims require transfer.

Starbucks' Memorandum in Support is devoid of any proof that the forum selection clause at issue applies. Starbucks has only made summary and conclusive arguments that are insufficient to meet its burden. The Court should deny the motion.

## BACKGROUND

**A.     Background Pertaining to Delivery of Carlo Chairs**

1.     In approximately 2009, KETTLER began selling chairs from its Carlo line of chairs to Starbucks, its agents, and/or its contractors, for use in Starbucks' retail locations. (Mannix Decl., at ¶ 5)[1].

---

[1] The Declaration of Stephen Mannix ("Mannix Decl.") is attached hereto as **Exhibit 1**.

2. Between 2009 and 2013, the vast majority of these chairs were not sold to Starbucks itself. (Mannix Decl., at ¶ 8). Rather, KETTLER, or third parties to whom KETTLER sold the chairs initially, sold the Carlo chairs to third party contractors who were building or renovating Starbucks locations. (Mannix Decl., at ¶ 6).

3. Because these third party sales did not involve Starbucks directly, they did not involve a Starbucks purchase order, blanket purchase agreement, and/or master purchase agreement, or any accompanying documentation that incorporated Starbucks' standard terms and conditions. These purchases were consummated under KETTLER's standard invoices. (Mannix Decl., at ¶ 7).

4. In total, between 2009 and 2013, of the Carlo chairs that were to be used at a Starbucks location, eighty-four percent (84%) of them were sold to third party contractors. Only sixteen percent (16%) of the chairs were sold to Starbucks directly. (Mannix Decl., at ¶ 8).

**B.     The Supplier Handbook Includes a Forum Selection Clause that does not Apply**

5. Although the sale of Carlo chairs began in 2009, KETTLER did not sign the "Starbucks Supplier Handbook" until February 26, 2010. (Mannix Decl., at ¶ 9 and Ex. A).

6. This Supplier Handbook includes a provision entitled "Governing Law." According to this provision:

> **Terms and conditions of the Agreement shall be governed and construed in accordance with the laws of the state of Washington, without reference to conflicts of law principles**. None of the provisions of the United Nations Convention on Contracts for the International Sale of Goods shall be applied to the interpretation or enforcement of the Agreement. Any **legal proceeding relating to the Agreement** shall be brought only in a court of competent jurisdiction in the state of Washington.

(Mannix Decl. Ex. A, at ¶ 21) (emphasis added).

7. The Supplier Handbook defines the term "Agreement" in the following manner:

    A. <u>Offer and Acceptance</u>: Starbucks purchase order, blanket purchase agreement, and/or master purchase agreement and accompanying documentation that incorporate these Standard Terms and Conditions (collectively, the "Agreement"

(Mannix Decl. Ex. A, at ¶ 1A).

8. The Supplier Handbook also contains a warranty provision which states, in part, "[f]or non-food items, Seller warrants the Goods for a period of one year after acceptance of the Goods, unless otherwise stated in the Agreement." (Mannix Decl. Ex. A, at ¶ 11B). At no point has Starbucks asserted the Handbook's warranty provision as the basis for its warranty and contract claims.

**C.     Starbucks' Threats of Litigation and Invocation of Law Inconsistent with the Forum Selection Clause**

9. On April 8, 2014, Starbucks sent a letter to KETTLER threatening litigation with respect to the Carlo chairs that were purchased by Starbucks or its subcontractors since "about September 11, 2008." (Compl. Ex. A). Starbucks claimed the Carlo chairs purchased between 2008 and 2013 were defective and that KETTLER breached "warranties" and made "misrepresentations" regarding the chairs. (*Id.*).

10. In this letter, Starbucks also indicated that it was destroying evidence that could be used to defend against Starbucks' claims (i.e. recycling the Carlo chairs). (*Id.*).

11. In this letter, Starbucks invoked the California Commercial Code on multiple occasions. (*Id.*). For example, the letter was entitled "Notice of Breach of Warranty" under California Commercial Code § 2607. (*Id.*). In addition, the letter stated that it was a "Notice by Starbucks Corporation[] pursuant to California <u>Commercial Code</u> Section 2607 and any other applicable State's Notice provision under the Uniform Commercial Code-Sales." (*Id.*) (emphasis in original).

12. In Starbucks' April 8, 2014 letter, it never asserted Washington law or any Starbucks purchase documentation as a source of its warranty or contract claims. *See id.*

13. After receipt of the April 8, 2014 letter, KETTLER reached out to Starbucks on multiple occasions to determine the factual and legal basis for Starbucks' warranty and contract claims. (Mannix Decl., at ¶ 12).

14. Specifically, on April 10, 2014, KETTLER requested Starbucks provide it with an "explanation of your breach of warranty and contract allegations." (Compl. Ex. B).

15. By letter dated April 22, 2014, KETTLER reiterated its previous requests for information, including the request for "any documents evidencing that any of the chairs are defective." (Compl. Ex. D, at 2).

16. Similarly, on May 2, 2014, KETTLER informed Starbucks that it would "honor a valid warranty claim," but it needed details from Starbucks pertaining to the claim. (Mannix Decl. Ex. E). KETTLER requested Starbucks provide it with the "legal basis for your warranty claim," the "factual basis for your warranty claim," and the "factual basis for your claim that Starbucks has a legal right to rescind the sale of any and all Carlo chairs. (*Id.*).

17. At no point has Starbucks ever informed KETTLER that its warranty and contract claims are related to the Supplier Handbook or Starbucks purchase order, blanket purchase agreement, and/or master purchase agreement. Starbucks has consistently either ignored KETTLER's requests for information or repeated its contention that its claims arise under California law.

18. For example, in a letter from Starbucks dated April 23, 2014, Starbucks acknowledged a previous telephone conversation in which KETTLER asked "whether the chairs available for inspection were within the warranty period." (Mannix Decl. Ex. C). Starbucks'

counsel noted in his letter that his response during the call was "that [he] did not know and was not prepared to discuss the legal issues of the case during our call." (*Id.*). Despite having sufficient time to "prepare to discuss the legal issues," Starbucks declined to address the factual basis of its warranty and contract claims in the April 23, 2014 letter. (*Id.*).

19. Similarly, on May 2, 2014, Starbucks' counsel sent another letter to KETTLER's counsel. This letter was in response to multiple communications from KETTLER, including KETTLER's May 2, 2014 letter requesting Starbucks explain the legal and factual basis for its claims. (Mannix Decl. Ex. D). Yet, once again, Starbucks failed to provide any explanation of the basis for its warranty and contract claims. (*See id.*).

20. In Starbucks' May 2, 2014 letter to KETTLER, it reiterated that its claims arose under California law. Specifically, in response to KETTLER's request for information regarding the warranty and contract claims, Starbucks informed KETTLER that it had met its obligations under California Commercial Code § 2607 and that it did not owe KETTLER any further information. (*Id.*).

21. Starbucks has never indicated to KETTLER that its claims arise under Washington law or that they are related to Starbucks purchase order, blanket purchase agreement, and/or master purchase agreement and accompanying documentation that incorporate Starbucks' standard terms and conditions.

22. In fact, despite repeated requests, Starbucks has never provided KETTLER with the factual or legal basis for its warranty or contract claims besides its assertions that California law applies to those claims.

D. **The *Jee* Case and Starbucks' Conduct Inconsistent with the Forum Selection Clause**

23. The letters recounted above were initially exchanged between the parties in connection with a case pending in the California state court entitled *Hae Jee v. Starbucks*

6

*Corporation* (the "*Jee* Case"). (Mannix Decl., at ¶ 13). The *Jee* Case involves a claim by a patron of Starbucks, against Starbucks, pertaining to an alleged injury at Starbucks location. (Mannix Decl., at ¶ 13). The *Jee* Case involves one Carlo chair. (*Id.*).

24. In the *Jee* Case, Starbucks filed a third party complaint against KETTLER pertaining to the performance of the Carlo chair at issue. (Mannix Decl. Ex. F). Starbucks filed this third party complaint against KETTLER in state court in California. (*Id.*).

25. Starbucks claims that the *Jee* Case is related to the present action. (Mem. Supp., at 2). Yet, Starbucks did not file its third party complaint in Washington State – the forum to which Starbucks claims the present must be transferred. Instead, Starbucks is prosecuting the *Jee* Case against KETTLER in California state court, contrary to the forum selection clause which Starbucks now seeks to enforce against KETTLER.

### ARGUMENT

In Starbucks' Memorandum in Support of Motion to Transfer Venue, it takes a cursory approach to the forum selection clause it claims is at issue. Starbucks effectively assumes the forum selection clause applies to the current action and assumes the current action is within the forum selection clause's scope, without any proof. Starbucks' argument is insufficient.

As the party seeking to enforce the forum selection clause, Starbucks has the initial burden of demonstrating that the forum selection clause is valid and that the action is within the clause's scope. *See, e.g. Bires v. Waltom, LLC* No. 1:07cv00959, 2008 U.S. Dist. LEXIS 59057, at *6 (M.D.N.C. Aug. 1, 2008) (implying that the initial burden of proving the clause's validity is on the defendant and it only shifts when the clause is deemed valid); *Scot. Mem'l Hosp., Inc. v. Integrated Informatics, Inc.*, No. 1:02cv00796, 2003 U.S. Dist. LEXIS 867, at *9-10 (M.D.N.C. Jan. 8, 2013) (same). Starbucks' Motion to Transfer Venue and Memorandum in Support fail to carry Starbucks' burden.

7

A.   **The Present Action is not Within the Scope of the Forum Selection Clause and Starbucks' Communications and Conduct are Inconsistent with the Clause's Applicability**

The forum selection clause that Starbucks asserts as a ground to transfer this case to the Western District of Washington states as follows:

> **21. Governing Law**
>
> Terms and conditions of the Agreement shall be governed and construed in accordance with the laws of the state of Washington, without reference to conflicts of law principles.  None of the provisions of the United Nations Convention on Contracts for the International Sale of Goods shall be applied to the interpretation or enforcement of the Agreement.  Any **legal proceeding relating to the Agreement** shall be brought only in a court of competent jurisdiction in the state of Washington.

(Mannix Decl. Ex. A) (emphasis added).  This clause does not simply apply to any action between Starbucks and KETTLER.  A necessary precursor to the applicability of the clause is that the "legal proceeding" at issue must be "relating to the Agreement."  Starbucks must also show that, for the transactions that form the basis of Starbucks' warranty and contract claims, the forum selection clause was in effect and that it applies to all claims at issue.

Starbucks glosses over these points entirely in its Motion to Transfer Venue.  It fails to show – or even argue – how the current action relates to the "Agreement."  Moreover, Starbucks' conduct and communications are entirely inconsistent with its current argument that the forum selection clause applies.  Because Starbucks has failed to meets its burden with respect to the most basic aspects of the forum selection clause, the Court should deny Starbucks' motion.

    1.   The "Agreement" is irrelevant to KETTLER's present action

The present action is not within the scope of the forum selection clause because it is not related to the "Agreement."  Under the Starbucks Supplier Handbook, the "Agreement" is defined in the following manner:

8

>       Offer and Acceptance: Starbucks purchase order, blanket purchase agreement, and/or master purchase agreement and accompanying documentation that incorporate these Standard Terms and Conditions (collectively, the "Agreement").

(Mannix Decl. Ex. A, at ¶ 1A). Thus, in order for the action to relate to the Agreement, it must relate to the Starbucks purchase order, blanket purchase agreement, master purchase agreement, and accompanying documentation that incorporate the Standard Terms and Conditions. The present dispute does not relate to any of the above documents.

KETTLER brings the present action to remove the cloud of litigation that Starbucks' threats have created and to resolve the controversy between the parties. On April 8, 2014, Starbucks sent a letter to KETTLER threatening litigation, announcing that it had destroyed evidence that could be relevant to that litigation, and seeking from KETTLER over $1,000,000 in damages. (Compl. Ex. A). Since the time of Starbucks' initial letter, KETTLER has repeatedly requested Starbucks provide it with an explanation of its claims. Starbucks has failed to *ever* provide KETTLER with the factual and legal basis for its assertions.

For example, on April 10, 2014, KETTLER requested Starbucks provide it with "an explanation for your breach of warranty and contract allegations." (Compl. Ex. B). In a subsequent letter on April 22, 2014, KETTLER reiterated its previous requests, including the request for "any documents evidencing that any of the chairs are defective." (Compl. Ex. D, at 2). Similarly, on May 2, 2014, KETTLER informed Starbucks that it would "honor a valid warranty claim," but it needed details from Starbucks pertaining to the claim. (Mannix Decl. Ex. E). Specifically, KETTLER requested Starbucks' counsel provide it with the "legal basis for your warranty claim," the "factual basis for your warranty claim," and the "factual basis for your claim that Starbucks has a legal right to rescind the sale of any and all Carlo chairs." (*Id.*).

9

Despite KETTLER's repeated requests for information, Starbucks has failed to ever substantiate its claims. For example, in a letter from Starbucks on April 23, 2014, Starbucks acknowledged a previous telephone conversation in which KETTLER asked "whether the chairs available for inspection were within the warranty period." (Mannix Decl. Ex. C). Starbucks' counsel noted in his letter that during the previous call he "was not prepared to discuss the legal issues of the case during our call." (*Id.*). Despite having time to become familiar with the "legal issues" after the call, Starbucks' counsel once again failed to include any explanation of the legal or factual issues supporting the warranty or contract claims in its April 23, 2014 letter to KETTLER.

Similarly, on May 2, 2014, Starbucks sent another correspondence to KETTLER. This letter was in response to multiple communications from KETTLER, including KETTLER's May 2, 2014 letter explicitly requesting Starbucks explain the legal and factual basis for its claims. (*See* Mannix Decl. Ex. D). There can be no doubt that at the time of Starbucks' letter to KETTLER, it was aware of KETTLER's request for information regarding the warranty and contract claims. In fact, Starbucks' counsel noted in that letter that KETTLER had requested "the full factual and legal basis for Starbucks' warranty claim." (*Id.* at 2). Yet, once again, Starbucks failed to provide any explanation of the basis for its claims. (*Id.*).

For the forum selection clause to apply in the present case, KETTLER must have brought this action in relation to the documents that constitute the "Agreement." These documents include Starbucks purchase order, blanket purchase agreement, and/or master purchase agreement and accompanying documentation that incorporate the standard terms and conditions. KETTLER did not bring the present action in connection with those documents.

Rather, KETTLER brought this action in response to Starbucks' unfounded threats of litigation, its repeated threats of substantial damages against KETTLER, its repeated statements that it was in the process of destroying evidence related to its claims, and its persistent failure to explain the basis of claims. The present action is unrelated to the documents forming the "Agreement" because KETTLER does not raise those documents as a basis for its action. Nor has Starbucks *ever asserted the "Agreement" as a basis for its warranty and contract claims*, despite repeated requests for information regarding those claims. In fact, for many of the Carlo chairs at issue, the documents constituting the "Agreement" do not even exist.[2]

Consistent with Starbucks' conduct precipitating this current lawsuit, Starbucks' motion woefully fails to explain how the current lawsuit relates to the "Agreement." Rather, Starbucks makes blanket statements such as the following: "the Starbucks Supplier Handbook signed by Plaintiff contains a mandatory forum-selection clause that *all disputes must be brought in the State of Washington*." (Mem. Supp., at 5) (emphasis added). The forum selection clause, however, is not as broad as Starbucks contends. As the party seeking to invoke the forum selection clause, Starbucks has the burden of demonstrating that the clause validly applies to the present case. This includes the burden of introducing evidence demonstrating that the present dispute is a "legal proceeding relating to the Agreement." Because Starbucks has failed to meet, or attempt to meet its burden, the Court should deny Starbucks' motion.[3]

---

[2] *See* Section B, *infra*

[3] Given the complete lack of discussion in Starbucks' Memorandum in Support of its Motion to Transfer Venue on the subject of how the forum selection clause applies, KETTLER anticipates that Starbucks will argue *for the first time* precisely why it believes the clause applies in its Reply Brief. To the extent that is Starbucks' strategy, KETTLER objects to Starbucks' raising new arguments in its Reply Brief. To the extent the Court entertains such arguments; KETTLER respectfully requests the opportunity to file a surreply to address those arguments.

2. <u>Starbucks' previous communications demonstrate that the present action is not a "legal proceeding related to the Agreement"</u>

While Starbucks fails to introduce proof regarding the applicability of the forum selection clause, Starbucks previous communications to KETTLER demonstrate that the forum selection clause *does not apply*. Under the forum selection clause at issue, "[t]erms and conditions of this Agreement shall be governed by and construed in accordance with the laws of the state of Washington." (Mannix Decl. Ex. A, at ¶ 21). Thus, if the present controversy was within that clause, Starbucks would be required to invoke the law of Washington in connection with its warranty and breach of contract claims. Starbucks, however, has consistently invoked the law of a different forum.

In Starbucks' first letter to KETTLER, dated April 8, 2014, it threatened litigation against KETTLER based on an allegation of a breach of warranty. (Compl. Ex. A). This letter was entitled "Notice of Breach of Warranty (Commercial Code Section 2607)." (*Id.*). It is this threatened breach of warranty claim to which the present lawsuit relates. In this letter, Starbucks repeatedly invokes *California* law. For example, the letter's title indicates that KETTLER is being put on notice of an alleged breach of warranty under California Commercial Code § 2607. *See id. See also* Cal. Comm. Code § 2607. The text of the notice makes this explicit. According to the letter, KETTLER was to "[a]ccept this as a Notice by Starbucks Corporation [] pursuant to California <u>Commercial Code</u> Section 2607 and any other applicable State's Notice provision under the Uniform Commercial Code-Sales." (Compl. Ex. A) (emphasis in original).

Similarly, in Starbucks' letter to KETTLER dated May 2, 2014, Starbucks reiterated that its warranty claim arises under California law. (Mannix Decl. Ex. D). In that letter, Starbucks explained to KETTLER that its obligations to provide KETTLER with the basis for its warranty claim "pre-litigation" was governed by California law. (*Id.*, at 2). Specifically, Starbucks stated

that it was not required to provide KETTLER with any information regarding the warranty claim that was not compelled by California Commercial Code § 2607. *Id.* at 2-3 (explaining that Starbucks was not obligated to go "beyond the notification requirement of [California Commercial Code] Section 2607").

The present action seeks a declaration that Starbucks' threatened warranty and contract claims, and its rescission of the chairs at issue, are baseless. If Starbucks' claims "related to" the Agreement, Starbucks would have been required to invoke Washington law in making those claims. Starbucks' correspondences to KETTLER, however, only invoke California law. Because Starbucks' communications pre-litigation never referred to Washington law, these communications provide definitive proof that the present action does not "relate to" the "Agreement" and it is not within the scope of the forum selection clause.

3. <u>Starbucks' previous court filings demonstrate that the forum selection clause does not apply</u>

In Starbucks' Memorandum in Support of its Motion to Transfer Venue, it makes references to the *Jee* Case, which is currently pending in California state court. (Mem. Supp., at 7). Starbucks notes in its Memorandum in Support of its Motion to Transfer Venue that it "filed a cross-complaint against [KETTLER] in the California case for indemnity and breach of warranty." (*Id.*). Starbucks claims in its Memorandum that the present action is "simply an attempt by [KETTLER] to preempt liability in the state court."

As Starbucks makes clear in its Memorandum, it believes the *Jee* Case is significantly related to the present declaratory judgment action.[4] Effectively, Starbucks contends that the

---

[4] Starbucks' insinuation that the present action constitutes a strategic filing on KETTLER's part in order to avoid findings in the *Jee* Case is incorrect. The current declaratory judgment action seeks resolution of Starbucks' warranty and contract claims with respect to all Carlo chairs that Starbucks believes are deficient, whereas, the *Jee* Case pertains to only one chair.

13

cases are intertwined. Starbucks' argument regarding the *Jee* Case compels the Court to deny Starbucks' present Motion to Transfer Venue.

In the *Jee* Case, Starbucks filed its third party complaint against KETTLER in the Superior Court of the State of California for the County of Los Angeles. (Mannix Decl. Ex. F). In this third party complaint, Starbucks seeks a declaratory judgment against KETTLER seeking a "judicial declaration of rights and liabilities." (*Id.* at ¶ 25). It bears repeating that Starbucks filed the third party complaint against KETTLER, including the request for a declaratory judgment, in California state court.

Starbucks claims that the *Jee* Case and the present case are intertwined. Thus, by extension, if one case falls within the forum selection clause, the other case would as well. Conversely, if one case is outside the forum selection clause, the other is also outside of that clause. Starbucks did not file its third party complaint in the *Jee* case in a "court of competent jurisdiction in the state of Washington" as the forum selection clause requires. It brought the third party complaint in California. *See Affholder, Inc. v. N. Am. Drillers, Inc.,* No. 2:04-0952, 2005 U.S. Dist. LEXIS 44076, at \*19-26 (S.D. W.Va. Sept. 28, 2005) (applying a forum selection clause, even in the context of a third party complaint).

By filing its third party complaint in the *Jee* Case in California, Starbucks presumably concluded that the forum selection clause did not apply to that case. Accordingly, the forum selection clause would not apply to the present case either. If the Court adopts Starbucks' argument regarding the connectedness of the two cases, Starbucks' conduct provides definitive proof that the forum selection clause is inapplicable here. Conversely, even if the forum selection clause applies here (which KETTLER disputes), Starbucks should be estopped from asserting it in light of its complete disregard of the forum selection clause in the *Jee* Case.

      4.     <u>The time period for which Starbucks makes warranty and contract claims demonstrates that the current dispute is not within the scope of the forum selection clause</u>

In Starbucks' April 8, 2014 letter to KETTLER threatening litigation, it provided a history of KETTLER's sale of chairs to Starbucks, its agents, and/or its contractors. The letter noted that purchases of Carlo chairs began on or about September 11, 2008. (Compl. Ex. A). Starbucks' letter claimed, in total, that KETTLER sold approximately seven thousand five hundred chairs to Starbucks, its agents, or its contractors. (*Id.*). This letter further indicated that Starbucks' breach of warranty and breach of contract claims against KETTLER pertain to all 7,500 chairs sold between 2008 and 2013 – approximately a five year span. (*See* Compl. Ex. A).

In its Motion to Transfer Venue, Starbucks asserts, without any legal or factual support, that the present case relates to the Starbucks Supplier Handbook. As a result, Starbucks claims the forum selection clause applies. The warranty period provided for in that handbook, however, is drastically shorter than five years. Per Paragraph 11 of the Supplier Handbook, "[f]or non-food items, Seller warrants the Goods for a period of **one year** after acceptance of the Goods, unless otherwise stated in the Agreement." (Mannix Decl. Ex. A, at ¶ 11B) (emphasis added).

In seeking to enforce the forum selection clause, Starbucks takes entirely inconsistent positions. Pre-lawsuit, Starbucks argued that it could assert claims against KETTLER dating back at least five years. Subsequent to the lawsuit, when Starbucks seeks to invoke the forum selection clause, it claims that its warranty and rescission claims are related to the "Agreement." If Starbucks' claims were truly related to the Agreement and within the forum selection clause, any warranty claim would cover, at most, only chairs sold within the past one year period – not the five year period Starbucks has previously asserted. Starbucks' position pre-litigation belies the notion that the present case falls within the forum selection clause. Starbucks has simply

manufactured a post-hoc rationale for invoking an inapplicable forum selection clause. The Court should deny Starbucks' motion.

     5.     <u>The Supplier Handbook was not in effect for the entire period of Starbucks' claims, which demonstrates that the forum selection clause is inapplicable</u>

As noted above, Starbucks had made a warranty claim, breach of contract claim, and rescission claim against KETTLER dating back at least five years. In response to repeated requests from KETTLER for more information, Starbucks has never indicated that its claims span less than five years or vary within that five year period. This also compels the conclusion that the present action is not related to the "Agreement" or within the forum selection clause.

Presumably, if Starbucks' action relates to the "Agreement," Starbucks is asserting warranty and contract claims arising under the Supplier Handbook. As Starbucks notes in its Motion, a representative of KETTLER did not sign the Supplier Handbook until 2010. (Mem. Supp., at 1). Thus, if Starbucks' warranty and contract claims do not vary within the five year period – as Starbucks has indicated – it would be impossible for Starbucks' claims to be premised on the Supplier Handbook. The Supplier Handbook, including the forum selection clause, was *not in effect* during the entire five year period. Instead, consistent with Starbucks' previous representations, Starbucks' claims appear to be based on an amorphous and shifting theory under California law, which does not "relate to" the "Agreement."

**B.**     <u>**Starbucks has Failed to meet its Burden to show that any part of the Current Lawsuit "Relates to the Agreement," let Alone the Entire Lawsuit**</u>

Even if Starbucks had introduced proof that *some of the claims* at issue fall within the forum selection clause, which it has not, Starbucks has failed to demonstrate that *all of the claims* fall within the forum selection clause. For the forum selection clause to apply, every warranty and contract claim that Starbucks has asserted against KETTLER must be within the scope of the

forum selection clause. Starbucks has failed introduce *any evidence* on those scores. That is because Starbucks is incapable of making such a showing.

Between 2009 and 2013, thousands of Carlo chairs which were to be used in Starbucks locations were sold (and purchased). These sales and purchases were almost never direct transactions between Starbucks and KETTLER. On at least one occasion, KETTLER would sell chairs to third party retailers, which would then sell chairs to either the ultimate end user or a contractor building or renovating a Starbucks location. Often, KETTLER would directly sell chairs to contractors constructing or renovating a Starbucks location. Out of the thousands of Carlo chairs that were to be used at a Starbucks location, no more than sixteen percent (16%) of those chairs were exchanged in a direct transaction between KETTLER and Starbucks. At least eighty-four (84%) of the transactions involving chairs over which Starbucks has threatened litigation did not involve Starbucks on either side of the transaction.

To trigger the forum selection clause, Starbucks must prove that the "legal proceedings relat[e] to the Agreement." (Mannix Decl. Ex. A, at ¶ 21). In turn, the Agreement is defined in the following manner:

> Starbucks purchase order, blanket purchase agreement, and/or master purchase agreement and accompanying documentation that incorporate these Standard Terms and Conditions (collectively, the "Agreement"

(Mannix Decl. Ex. A, at ¶ 1A). Starbucks has made warranty and contract claims against KETTLER pertaining to the sale of Carlo chairs dating back approximately five years. In that time period, approximately eighty-four percent (84%) of all chairs were sold by KETTLER to a contractor. These transactions *did not involve any purchase orders, purchase agreements, or accompanying documentation that incorporated Starbucks' standard terms and conditions*. (Mannix Decl., at ¶ 7). Thus, even if *some* of Starbucks' warranty and contract claims were within the forum selection clause, which KETTLER disputes, the overwhelming majority of

17

Starbucks' claims cannot possibly relate to the "Agreement" because no documents exist with respect to those transactions that are within the definition of the "Agreement."

It is Starbucks' burden to demonstrate, with proof, that the entirety of the present action falls within the forum selection clause. This requires Starbucks to introduce affirmative evidence showing that every warranty claim, contract claim, and every attempt at rescission, relates to the "Agreement." It is not enough for Starbucks' to generally allege that a forum selection clause exists or that its claims regarding some chairs fall within that provision. If Starbucks seeks to invoke the forum selection clause and transfer the *entire action* to Washington State, Starbucks must present proof that the entire action should be transferred.[5]

Starbucks has not presented any specific proof on these issues. Instead, it relies on vague generalities. For example, Starbucks must introduce every purchase order it claims relates to its warranty or contract claims. Starbucks must also present to the Court the specific factual and legal basis for its contract and warranty claims, how those claims apply to the forum selection clause, and proof as to which Carlo chairs fall within its claims. Because Starbucks has not presented proof necessary to meet its burden, the Court should deny the motion.

## CONCLUSION

For the reasons stated above, KETTLER respectfully requests the Court deny Starbucks' Motion to Transfer Venue.

---

[5] This requirement serves two purposes. First, it assures that the action is not improperly transferred to a forum which KETTLER, as the plaintiff, did not select. Second, it assures that if the action is transferred, which KETTLER does not believe is proper, the action is limited to the appropriate scope. For example, to the extent that Starbucks argues that transfer is proper because all of its warranty and contract claims relate to the Supplier Handbook, Starbucks should be estopped from subsequently asserting against KETTLER claims based on an alleged warranty different than the one-year warranty discussed in the handbook. Starbucks cannot frame its claims in one manner in an attempt to invoke the forum selection clause and then modify those claims at a later date.

Dated: June 12, 2014　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　KETTLER INTERNATIONAL, INC.

　　　　　　　　　　　　　　　　　　　　　By:　/s/ David M. Gettings
　　　　　　　　　　　　　　　　　　　　　　　　　Of Counsel

John C. Lynch (VSB # 39267)
David M. Gettings (VSB No. 80394)
Counsel for Plaintiff
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: david.gettings@troutmansanders.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **KETTLER INTERNATIONAL, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Civil Action No.: 2:14cv189** |
| v. ) | |
| ) | |
| **STARBUCKS CORPORATION,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing the following CM/ECF participants:

**Counsel for Defendant Starbucks Corporation**
Christopher E. Hassell
Craig L. Sarner
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street NW, Suite 800
Washington, D.C. 20036
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
E-mail: chassell@bktc.net
E-mail: csarner@bonnerkiernan.com

/s/ David M. Gettings
John C. Lynch (VSB # 39267)
David M. Gettings (VSB No. 80394)
Counsel for KETTLER International, Inc.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: david.gettings@troutmansanders.com

22406319