IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KETTLER INTERNATIONAL, INC.,

    Plaintiff-
    Counterclaim Defendant,

v.                                   Civil Action No. 2:14cv189

STARBUCKS CORPORATION,

    Defendant-
    Counterclaim Plaintiff.

## OPINION AND ORDER

This matter is before the Court, pursuant to Local Rule 5, on Plaintiff-Counterclaim Defendant Kettler International, Inc.'s ("Plaintiff" or "Kettler") Motion to Seal, Doc. 45. Plaintiff seeks to seal portions of its Reply Memorandum in Support of Motion for Sanction of Limiting Starbucks' Claims to the Chairs That Have Not Been Destroyed and Exhibit A, Doc. 44. Plaintiff argues that the information sought to be sealed, detailing the total amount of Carlo chairs sold over ten years and the percentage of said chairs that have been returned over the same period, constitutes confidential business information that is not normally subject to public disclosure.

Before this Court may seal documents, it must: "(1) provide public notice of the request and to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 282, 288 (4th Cir. 2000) (internal citations omitted).

In compliance with Local Rule 5 and Ashcraft, the Court has provided public notice of this motion by posting an appropriate Notice on the public docket board: "This serves as notice to the public that Plaintiff Kettler Int'l, Inc. has moved the Court to seal from disclosure the

1

unreadcted Reply Memorandum and accompanying Exhibit A in Support of its Motion for Sanctions of Limiting Starbucks' Claims to the Chairs that have not been Destroyed. Objections to this Motion should be filed in the Civil Section of the Clerk's Office. The Notice will be posted for a minimum of forty-eight (48) hours."

Defendant-Counterclaim Plaintiff Starbucks Corp. ("Defendant" or "Starbucks") has objected to Kettler's Motion on two bases. First, it argues that a less drastic alternative exists in that a reply brief could be filed without the confidential information, because the information sought to be sealed is not necessary for the Court to decide the Motion for Sanctions. Doc. 51 at 4. Second, Defendant also argues that Kettler has failed to show the information is confidential and proprietary. Id.

Starbucks, however, has not provided any case law in support of its first argument that simply filing a brief without the redacted information constitutes a "less drastic alternative." Moreover, even if Starbucks is correct that the information is not necessary to decide on the Motion for Sanctions, Starbucks in its Opposition to the Motion for Sanctions discusses on numerous pages the number of claims concerning personal injuries stemming from alleged defects in the Carlo chair. Thus, Kettler was well within its right to introduce the total number of chairs in its reply brief, to place Starbucks' claim in context.[1] Accordingly, simply filing a brief without the information is not a less drastic alternative.

Considering Defendant's second argument, Kettler has shown that the information sought to be sealed is normally not subject to public disclosure. See Doc. 46 at 3, Doc. 53 at 2–5. Moreover, this type of information is typically sealed by this Court. See, e.g., East West, LLC v. Rahman, No. 1:11cv1380, 2012 WL 3843657, at *3 (E.D. Va. Sept. 4, 2012) (sealing exhibits containing confidential commercial information and trade secrets); Flexible Benefits Council v.

---

[1] The Court takes no position on the merits of the Motion for Sanctions at this time.

2

Feltman, No. 1:08cv371, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (sealing an affidavit in support of a motion for summary judgment that contained confidential financial information). Moreover, the motion to seal is narrowly tailored to redact only the said confidential information.

Therefore, for the reason set forth in Kettler's filings and reasons stated herein, the Court **FINDS** that less drastic alternatives to seal the documents identified in the Motion to Seal are not feasible.

Accordingly, the Court **ORDERS** that the unreadcted Reply Memorandum and accompanying Exhibit A in Support of its Motion for Sanctions of Limiting Starbucks' Claims to the Chairs that have not been Destroyed, shall be maintained under seal by the Clerk, until further order of the Court.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: January 5, 2015