IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KETTLER INTERNATIONAL, INC.,

Plaintiff,

v.

Civil Action No. 2:14cv189

STARBUCKS CORPORATION,

Defendant.

## OPINION & ORDER

This matter is before the Court on Defendant Starbucks Corporation's ("Defendant" or "Starbucks") Motion to Certify Order for Immediate Appeal and For Stay Pending Appeal ("Motion"). Doc. 149. On April 9, 2015, the Court heard oral arguments on the Motion at the Final Pretrial Conference. Ruling from the bench, the Court **DENIED** the Motion. The Court now issues this Opinion and Order explaining its reasoning.

### I. BACKGROUND

#### A. Factual Background

This declaratory judgment action arises out of allegedly defective patio furniture sold by Plaintiff Kettler International Inc. ("Plaintiff" or "Kettler") to Defendant. From approximately 2009 to 2013, Plaintiff began selling Carlo Model chairs ("Carlo chairs" or "chairs") to Starbucks, its agents, and/or its contractors. Compl. at 1, 4. Over the course of this relationship, Starbucks, its agents, and/or its contractors ultimately purchased approximately 13,870 individual Carlo chairs. Doc. 77 at 1. Of these 13,870 chairs, it was determined that 4,791 chairs were unaccounted for and had likely been destroyed in the ordinary course of prior store renovations. Id. at 29. Following a series of personal injury complaints involving the Carlo

chair between 2011 and 2013, Starbucks elected to remove the remaining chairs from its stores. Doc. 43 at 3.

On February 17, 2014, Starbucks Legal and DAVACO, Inc. ("DAVACO") entered into a contract for the removal and "recycling" of all Carlo chairs, Doc. 36, Ex. 5 at 2; Doc. 43, Ex. 1 at 1, but Starbucks asked DAVACO to set aside and store a 200 chair sample. Doc. 43, Ex. 2 at 2. In April 2014, Starbucks informed Kettler of its intent to initiate legal proceedings, Doc. 36, Ex. 1 at 9., and on May 2, 2014, Kettler responded by alerting Starbucks of its "obligation to preserve <u>every chair</u> upon which a claim is being made." Doc. 36, Ex. 1 at 19 (emphasis in original). Starbucks, however, "destroyed <u>1,584 chairs after KETTLER demanded Starbucks preserve them</u> and <u>489 chairs after KETTLER served this lawsuit on Starbucks.</u>" Doc. 44 at 1 (emphasis in original).

### B. Procedural History

On May 2, 2014, Kettler filed its three-count Complaint, Doc. 1, and on October 29, 2014, Starbucks filed its Answer and Counterclaim. Doc. 31. Shortly thereafter, Plaintiff filed a Motion for Sanctions requesting a limitation of Starbucks' claims to the 200 remaining sample chairs. Doc. 35. At a hearing on the Motion for Sanctions, "the Court found that Starbucks' conduct amounted to spoliation" because, "[a]fter anticipating litigation, Starbucks engaged in a course of conduct that resulted in the destruction of over 7,000 chairs." Doc. 62 at 8. In a subsequent Order, the Court granted the relief sought by Kettler in part, limiting the damages Starbucks can recover in this matter to the 200 remaining sample chairs and one chair remaining from the personal injury disputes. Doc. 145. Kettler's prayer for attorney fees and costs was denied. Id.

Following entry of the Court's Order granting sanctions relief, Starbucks filed the present Motion seeking certification of the Order for immediate appeal and a stay of any pending legal

2

proceedings. Doc. 149. Starbucks claimed that in a "design defect case . . . the question as to whether the recycling of Carlo chairs by STARBUCKS warrants the ultimate sanction of dismissal of STARBUCKS damage claims, except for the 200 chairs preserved as a sample, is a controlling question of law." Doc. 150 at 5. Defendant bases this argument on the alleged difference of opinion between the Court of Appeals for the Third Circuit's ruling in Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76 (3d Cir. 1994) and the Fourth Circuit's holding in Silvestri v. General Motors Corp., 271 F.3d 583 (4th Cir. 2001). For the reasons set forth herein, the Court **FOUND** that these cases were not factually analogous and do not differ in their respective holdings.

## II. LEGAL STANDARDS

Pursuant to Title 28, United States Code Section 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(emphasis added) (third emphasis in original). In the Fourth Circuit, as well as the Eastern District of Virginia, it is well "settled that because § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed." Difelice v. U.S. Airways, Inc., 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (citing Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989)); see also LaFleur v. Dollar Tree Stores, Inc., No. 2:12-cv-363, 2013 WL 150722, at *1 (E.D. Va. Oct. 16, 2013). "[T]he Fourth Circuit has made clear that 'certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely

3

dispositive of the litigation, either as a legal or practical matter, whichever way it goes'." Id. (quoting Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *5 (4th Cir. 1989)).

## III. ANALYSIS

In Schmid, the plaintiff was injured when a circular saw manufactured by the defendant "kicked back" without warning. 13 F.3d at 77. The defendant argued that when the plaintiff's expert witness disassembled the saw to determine cause of injury and in the process certain trapped particles were lost, when he reassembled the saw without the particles this amounted to spoliation as the particle build-up may have caused the injury. 13 F.3d at 77–78. The court held that "there was very little fault that could be laid at Dr. Bratspies's [the expert's] feet [and] very little nonspeculative prejudice to the defendant." Id. at 81. Further, "[w]hen Dr. Bratspies conducted his investigation, no suit had been filed and Schmid did not know whether he had a basis for instituting suit." Id. The court held that, considering plaintiff's minimal level of fault, the case could proceed because "[t]his is not a case in which the plaintiff contends that the particular saw causing injuries was defectively manufactured; there is no claim that the saw had a defect not shared by all saws of the same model;" accordingly, the defendant suffered little prejudice. Id. at 79.

Contrarily, the plaintiff in Silvestri alleged that the airbag in a General Motors vehicle he was driving did not deploy properly when the plaintiff crashed into a utility pole. 271 F.3d at 585. After anticipating litigation, the plaintiff did not notify the defendant, General Motors, of the claim such that it could investigate the allegations before the vehicle was spoliated. Id. The Fourth Circuit upheld the district court's dismissal of the case because "General Motors was 'highly prejudiced'" when, without the car, it had no way of proving if the alleged defective airbag failed or the speed of the car at the time of impact, matters central to its defense. Id. at 594–95. Unlike in Schmid, the court in this case also found that the spoliators conduct was not

accidental, but "either deliberate or negligent." Id. at 593. Schmid and Silvestri are not in conflict. In each case the court utilized its discretion in applying a unique set of facts to its circuit's respective legal standards governing spoliation. There is neither a controlling question of law nor difference of opinion present.

In its Order granting sanctions relief, the Court tacitly acknowledged that the sanctions requested by Kettler were severe and, if granted, would likely result in a de facto dismissal of the case. Accordingly, the Court analyzed the facts under the Fourth Circuit's standards governing the sanction of dismissal, applying the test as set forth in Silvestri and weighing all six factors from United States v. Shaffer Equipment Co., 11 F.3d 450, 462-63 (4th Cir. 1993). In applying the facts to existing and non-conflicting Fourth Circuit law, the Court determined that Starbucks', specifically Starbucks Legal's, significant degree of culpability, the prejudice suffered by Kettler due to Starbucks' willful destruction of over ninety-nine (99) percent of the evidence, and Starbucks' preservation of only an unrepresentative 200 chair sample, merited a limitation of the damages Starbucks can recover to only the remaining chairs. Doc. 145 at 15. The Court's ruling was fact specific, not a "question of pure law whose resolution" was "completely dispositive of the litigation." Fannin, 1989 WL 42583, at *5.

## IV. CONCLUSION

For the reasons set forth herein, the Court **DENIED** Defendant's Motion.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 13, 2015